## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUSAH BUKARI a/k/a BUKARI MUSAH and FATIMAH MOHAMMED, Individually and as Husband and Wife, and AL FAYAD MUSAH AHMED, a minor by MUSAH BUKARI, his parent and natural guardian, | : : : : : : : | |
| Plaintiffs | : | CIVIL ACTION NO.: |
| v. | : : | _____ |
| U.S. XPRESS ENTERPRISE, INC., U.S. EXPRESS LEASING, INC. a/k/a U.S. XPRESS LEASING, INC. and ERIK SCOTT | : : : : | |
| Defendants. | : | |

## NOTICE OF REMOVAL OF ACTION

Defendants, U.S. Xpress Enterprises, Inc., improperly identified in the Complaint as U.S. Xpress Enterprise, Inc. and U.S. Xpress Leasing, Inc., improperly identified in the Complaint as U.S. Express Leasing, Inc. a/k/a U.S. Xpress Leasing, Inc., by and through their attorneys, Rawle & Henderson LLP, respectfully aver, as follows:

1.  This action was filed on or about August 1, 2002, in the Court of Common Pleas for Philadelphia County. See Exhibit A - Copy of Plaintiffs' Complaint.

2.  The Complaint, being the original process in this case, was first received by defendants, U.S. Xpress Enterprises, Inc. and U.S. Xpress Leasing, Inc. on August 5, 2002. See Exhibit B - Copy of Dockets with Affidavit of Service filed by plaintiffs.

0709840.01

3. To the best of defendants' knowledge, information and belief, service has not yet been obtained on defendant, Erik Scott, who was served at the address for the corporate defendants, but who is no longer an employee of U.S. Xpress, Inc.

4. Accordingly, this Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b).

5. This action satisfies the requirements for removal within the meaning of 28 U.S.C. §1332 in that:

(a) Plaintiffs' and Defendants' citizenship are diverse;

1) Plaintiffs are residents and citizens of the Commonwealth of Pennsylvania. Plaintiffs reside at 595 Snowden Road, Upper Darby, Pennsylvania 19082; and

2) Defendants are citizens of states other than Pennsylvania. Defendants, U.S. Xpress Enterprises, Inc. and U.S. Xpress Leasing, Inc. are incorporated under the laws of the State of Tennessee, with their principal place of business located in Chattanooga, Tennessee. To the best of defendants' knowledge, information and belief, defendant, Erik Scott, is a citizen of a State other than Pennsylvania.

3) Diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice.

(b) The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1) In the Complaint, plaintiffs allege, *inter alia*, that plaintiff, Musah Bukari, sustained the following damages, "some or all of which are or may be permanent in nature":

> serious, painful and permanent injuries, internally and externally, to his head, back, chest, arms hands, fingers, legs, knees, calves and feet, and his bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached

0709840.01

> thereto were fractured, herniated, wrenched, bruised and otherwise injured, including but not limited to patellar chondromalacia, osteochondritis at left knee, hematoma left calf, bilateral L5-S1 radiculopathy, closed head trauma, acute muscular contraction headache syndrome, bilateral L4-L5 radiculopathy, cervical spine sprain and strain, acute myofascitis of the supporting musculature from the neck to the shoulders, dorsal spine sprain and strain, lumbosacral spine sprain and strain, retropatellar chondromalacia and osteoarthritis of left knee, subfascial hematoma of the left leg at the gastroenemius and soleus muscles; he suffered other serious orthopedic, psychological and neurological injuries, some or all of which are or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained.

See Exhibit A-Plaintiffs' Complaint, ¶11.

2) Plaintiffs' Complaint also alleges that as a result of this accident, plaintiff, Musah Bukari, has sustained "a severe loss and/or impairment of his earning capacity or power," and that plaintiff Bukari "has suffered an injury which is, may, and shall be in full or in part a serious impairment of or a permanent loss of a bodily function, a permanent disfigurement or permanent dismemberment, which is may or shall be permanent, irreparable and severe." See Exhibit A - Plaintiffs' Complaint, ¶14.

3) In the Complaint, plaintiffs allege, *inter alia*, that plaintiff, Fatimah Mohammed, sustained the following damages, "some or all of which are or may be permanent in nature":

> serious, painful and permanent injuries, internally and externally, to her head, neck, back, chest, abdomen, arms, hands, legs and feet, and the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised and otherwise injured, including but not limited to, closed head trauma, muscular contraction headache syndrome, right L4-L5-S1 radiculopathy with denervation of the gastroenemius and tibial anterior muscles, cervical spine sprain and strain, lumbosacral spine sprain and strain; she sustained a severe anxiety reaction and post-traumatic syndrome; she suffered other serious orthopedic, neurological and psychological injuries, the full extent of which have not as yet been ascertained; she suffered excruciating and agonizing aches, pains and mental anguish some or all of which are or may be permanent in nature.

0709840.01

See Exhibit A - Plaintiffs' Complaint, ¶20.

4) Plaintiffs also allege that, as a result of this accident, plaintiff, Fatimah Mohammed, has "sustained a severe loss and/or impairment of her earning capacity or power" and that she has "suffered an injury which is, may, and shall be in full or in part a serious impairment of or a permanent loss of a bodily function, a permanent disfigurement or permanent dismemberment, which is, may or shall be permanent, irreparable and severe." See Exhibit A - Plaintiffs' Complaint, ¶23.

5) In the Complaint, plaintiffs allege, *inter alia*, that plaintiff, Al Fayad Musah Ahmed, a minor, sustained the following damages, "some or all of which are or may be permanent in nature":

> serious, painful and permanent injuries, internally and externally, to his head, neck, back, chest, abdomen, arms, legs and feet, and the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised and otherwise injured; he sustained a severe anxiety reaction and post-traumatic syndrome; he suffered other serious orthopedic, neurological and psychological injuries, the full extent of which have not as yet been ascertained; he suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

See Exhibit A - Plaintiffs' Complaint, ¶29.

6) Plaintiffs also alleges that, as a result of this accident, plaintiff, Al Fayad Musah Ahmed, a minor, has "sustained and/or may sustain a severe loss and/or impairment of his earning capacity or power." See Exhibit A - Plaintiffs' Complaint, ¶32.

7) Finally, plaintiffs have pled that the value of their claims individually, jointly and/or severally, exceed the applicable arbitration limits in the Court of Common

0709840.01

Pleas of Philadelphia County, which is $50,000. See Exhibit A - Plaintiffs' Complaint, *inter alia.*

8) Therefore, a fair reading of the Complaint indicates that an amount in excess of $75,000 is at controversy in this case.  See Exhibit A -  Plaintiffs' Complaint, *inter alia.*

9) Moreover, once plaintiffs obtain proper service on defendant, Erik Scott, instant defense counsel will enter an appearance on his behalf as well. In that capacity, defense counsel represents that Erik Scott is in agreement with this Removal.

WHEREFORE, defendants, U.S. Xpress Enterprises, Inc., improperly identified in the Complaint as U.S. Xpress Enterprise, Inc. and U.S. Xpress Leasing, Inc., improperly identified in the Complaint as U.S. Express Leasing, Inc. a/k/a U.S. Xpress Leasing, Inc., prays that the above action, now pending against them in Court of Common Pleas of Philadelphia County, be removed therefrom to this Court.

                RAWLE & HENDERSON LLP

                By:_____
                   Timothy J. Abeel
                   Beth Castelli Fitt
                   Attorneys for Defendant,
                   U.S. Xpress Enterprises, Inc. and
                   U.S. Xpress Leasing, Inc.

                   The Widener Building
                   One South Penn Square
                   Philadelphia, PA 19107
                   (215) 575-4200

Dated:

0709840.01

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal of Action was served via first-class mail, postage prepaid, on counsel for plaintiff, as follows:

Louis B. Himmelstein, Esquire
Kubert, Himmelstein & Associates, P.C.
1601 Market Street, Suite 3300
Philadelphia, PA 19103

RAWLE & HENDERSON LLP

_____
Beth Castelli Fitt

Dated:

0709840.01

**RAWLE & HENDERSON LLP**
By: Timothy J. Abeel/I.D. No. 23104
    Beth Castelli Fitt/I.D. No. 76781
The Widener Building
One South Penn Square
Philadelphia, PA 19107                          Attorneys for Defendants, U.S. Xpress
Enterprises,
(215) 575-4200                                   Inc. and U.S. Xpress Leasing, Inc.

-------------------------------------------------------X
MUSAH BUKARI a/k/a BUKARI MUSAH  :    COURT OF COMMON PLEAS
and FATIMAH MOHAMMED,            :    PHILADELPHIA COUNTY
Individually and as Husband and Wife, and :
AL FAYAD MUSAH AHMED, a minor    :
by MUSAH BUKARI, his parent and natural:
guardian,                        :
              Plaintiffs         :    CIVIL ACTION NO.: 004619
      v.                         :
                                 :
U.S. XPRESS ENTERPRISE, INC.,    :
U.S. EXPRESS LEASING, INC. a/k/a :
U.S. XPRESS LEASING, INC. and    :
ERIK SCOTT                       :
              Defendants.        :
-------------------------------------------------------X

## NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

TO THE PROTHONOTARY:

Pursuant to 28 U.S.C. §1446(d), defendants, U.S. Xpress Enterprises, Inc., improperly identified in the Complaint as U.S. Xpress Enterprise, Inc. and U.S. Xpress Leasing, Inc., improperly identified in the Complaint as U.S. Express Leasing, Inc. a/k/a U.S. Xpress Leasing, Inc., by and through their attorneys, Rawle & Henderson LLP, file herewith a copy of the Notice of Removal which was filed with the United States District Court for the Eastern District of Pennsylvania on August 26, 2002.

                                 RAWLE & HENDERSON LLP

0709840.01

2

By:_____
Beth Castelli Fitt
Attorneys for Defendants, U.S. Xpress Enterprises, Inc.
and U.S. Xpress Leasing, Inc.

Dated:

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of Removal to Federal Court Pursuant to 28 U.S.C. §1446(d) was served via first-class mail, postage prepaid, on counsel for plaintiff, as follows:

Louis B. Himmelstein, Esquire
Kubert, Himmelstein & Associates, P.C.
1601 Market Street, Suite 3300
Philadelphia, PA 19103


RAWLE & HENDERSON LLP

_____
Beth Castelli Fitt

Dated:

0709840.01